(June 9, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ESPADA, Appellant. [613 NYS2d 165] —Judgment of the Supreme Court, New York County (E. Sheridan, J.), rendered on December 17, 1991, convicting appellant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to a term of imprisonment of 4½ to 9 years, unanimously reversed, on the law and in the interest of justice, and the matter is remanded for a new trial.

At the second trial of the indictment, the first having resulted in a hung jury, the undercover police officer who allegedly purchased heroin from appellant was permitted to testify that his attention was first directed to appellant after he observed another person walk up to appellant "to purchase narcotics." The police officer testified further that he didn't see exactly what transpired, i.e., "if he had given him money or given him drugs," but that he saw "some kind of transaction." Upon defense counsel's objection, the court gave a limiting instruction that this testimony was only to be considered "to set the context and background for what drew the officer's attention" to appellant.

The evidence of the uncharged narcotics sale was not relevant to the proof of any element of the sale with which appellant was charged; it tended only to show appellant's criminal propensity (see, People v Hudy, 73 NY2d 40, 54; People v Jackson, 174 AD2d 552, 554). As such it should not have been admitted, even for the limited purpose assigned by the trial court. Moreover, even if the evidence had been marginally relevant, it still should not have been admitted since its potential for prejudice far outweighed its probative value (see, People v Jackson, 174 AD2d, supra, at 554; People v Ortiz, 142 AD2d 248).

The prosecutor's remarks in summation, that appellant was "a drug dealer," that it was the "narcotics [division] against the drug dealers," and that the jury had to "send a message" to the community, especially in conjunction with the evidence

of an uncharged narcotics sale, had the cumulative effect of depriving appellant of a fair trial *(see, People v Jackson, supra).* Concur—Murphy, P. J., Kupferman, Ross and Rubin, JJ.